# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**JERRY CHARLES SMITH,**

        Petitioner,

    v.                              **CIVIL ACTION NO. 5:24-CV-131**
                                                   Judge Bailey

**H.L. RAY,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On July 12, 2024, the *pro se* petitioner, Jerry Charles Smith, ("petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On July 16, petitioner paid the $5 filing fee. [Doc. 4]. Petitioner is a federal inmate who is housed at USP Hazelton in Bruceton Mills, West Virginia, and is challenging the Bureau of Prison's application of time credits under the First Step Act. On August 19, 2024, the respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. [Doc. 9]. On September 9, 2024, petitioner filed a response to the Motion. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Motion to Dismiss, or in the Alternative, for Summary Judgment be granted and the petition be denied and dismissed.

## II. BACKGROUND[1]

### A. Conviction and Sentence

On August 14, 2019, petitioner was charged via indictment in the Southern District of Indiana with: Counts 1, 3 and 5, each for unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1); and Counts 2, 4, and 6, each for possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d). Petitioner pleaded guilty, pursuant to a plea agreement, to Count 5. On June 30, 2020, petitioner was sentenced to 110 months imprisonment, to be followed by three years of supervised release. Petitioner did not appeal his conviction and sentence.

According to the Bureau of Prisons' ("BOP") website, petitioner's projected release date is July 23, 2027.

### B. The Instant Petition for Habeas Corpus Under § 2241

In his petition, petitioner alleges that the BOP is unlawfully withholding credits he has earned under the First Step Act ("FSA"). Petitioner alleges that the BOP is not following the FSA and is placing additional barriers and requirements to prevent petitioner from using the days he has earned. Petitioner complains that "The law doesn't state anything about 'applying' credits after it's 'earned,' so for the FBOP to make a policy saying High Risk and Medium Risk inmates cannot apply time that's lawfully earned under

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER. See **USA v. Smith**, 2:19-CR-00026-JRS-CMM-1 (S.D. Ind. 2019). **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

the FSA is illegal." [Doc. 1 at 6]. He claims there is no provision that high risk and medium risk inmates cannot apply earned time to their sentence.

**C.    Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment.**

On August 19, 2024, respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. [Doc. 12]. In the memorandum in support of the Motion, respondent argues that although petitioner is eligible to earn credits under the FSA, his recidivism risk precludes the application of those credits toward prerelease custody or supervised release. [Doc. 10 at 10]. Specifically, respondent states that "Petitioner's PATTERN score has been consistently assessed as a high risk of recidivism during his incarceration." [Doc. 10 at 11].

Respondent further argues that the BOP's determination of petitioner's eligibility to apply FSA credit is not reviewable by this Court.

On September 9, 2024, petitioner filed a response. [Doc. 9]. In his response, petitioner raises ***Loper Bright Enterprises v. Raimondo***, 144 S. Ct. 2244, 2263 (2024), and argues that the BOP is exceeding its statutory authority by making an interpretation of the First Step Act which contradicts the text of the statute.

### III.    LEGAL STANDARDS

**A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. ***Adams v. Bain***, 697

3

F.2d 1213, 1219 (4th Cir. 1982); **Mims v. Kemp**, 516 F.2d 21 (4th Cir. 1975).  Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction.  No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  See **Materson v. Stokes**, 166 F.R.D. 368, 371 (E.D. Va. 1996).  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  See Fed. R. Civ. P. 12(h)(3).

**B.**     **Motion to Dismiss for Failure to State a Claim**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.'  **Bell Atl. Corp. v. Twombly**, 550 U.S. 554, 570 (2007) (emphasis added)."  **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs.  **Edwards v. City of Goldsboro**, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995).  In **Twombly**, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." ***Williams v. Branker***, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

**C.     Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986). That is, once the

movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.  Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323–25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  **Anderson**, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. ANALYSIS

**A.     Although petitioner is eligible to earn time credits, he is ineligible to have those credits applied toward prerelease custody or supervised release.**

Under 18 U.S.C. § 3632(d)(4)(A), "A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate of "10 days time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities" with the possibility to earn an additional 5 days per 30 days of successful participation.  18 U.S.C. § 3632(d)(4)(A).  Time credits earned are applied toward time in prerelease custody or supervised release.  18 U.S.C. § 3632(d)(4)(C).  Prisoners are ineligible to **receive** time credits if they are serving a sentence for a conviction under one of several provisions of law set forth in 18 U.S.C. § 3632(d)(4)(D).

However, there is a distinction between earning time credits and the application of time credits.  The application of time credits to prerelease custody or supervised release

is governed by 18 U.S.C. § 3624(g). Section 3624(g)(1) sets forth the criteria for eligibility[2]:

> **(1) Eligible prisoners.**--This subsection applies in the case of a prisoner (as such term is defined in section 3635) who--
>
> **(A)** has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment;
>
> **(B)** has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;
>
> **(C)** has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and
>
> **(D)(i)** in the case of a prisoner being placed in prerelease custody, the prisoner—
>
>> **(I)** has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or
>>
>> **(II)** has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that—
>>
>>> **(aa)** the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;
>>>
>>> **(bb)** the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and
>>>
>>> **(cc)** the prisoner is unlikely to recidivate; or
>
> **(ii)** in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

---

[2] The undersigned notes that an additional criteria for eligibility to apply credits is found in § 3632(d)(4)(E), which bars prisoners who are subject to a final order of removal under any provision of the immigration laws from applying time credits.

18 U.S.C. § 3624(g)(1).  Thus, a prisoner may be eligible under 18 U.S.C. § 3632(d) to earn and receive time credits but not be eligible to have those credits applied under 18 U.S.C. § 3624(g).

Here, petitioner's claim that the law "does not state" that "High Risk and Medium Risk inmates cannot apply earned time to their sentence," is incorrect, as § 3624 clearly sets forth, in order for credits to be applied toward earlier release to supervised release or to be applied to placement in prerelease custody, the prisoner must normally[3] have been determined to be either "minimum" or "low" risk to recidivate.  As shown by the respondent, the BOP has classified petitioner as a "high" risk of recidivism.  *See* [Docs. 10 at 11, 10-1 at 2].  Thus, petitioner is ineligible to apply credits toward early release to supervised release or placement in prerelease custody.  "[T]he FSA expressly provides that while an inmate who has a PATTERN score of medium or high risk of recidivism is eligible to complete EBRR programs and PAs, the successfully completed programs and PAs are not applied towards the inmate's time credits until she has received a minimum or low risk PATTERN score for two consecutive assessments for prerelease custody and a minimum or low risk PATTERN score for the last reassessment for supervised released."  *See e.g.*, **Brown v. Garrett**, No. 722CV00551AMMJHE, 2022 WL 18161601, at *3 (N.D. Ala. Dec. 22, 2022), *report and recommendation adopted*, No. 722CV00551AMMJHE, 2023 WL 130519 (N.D. Ala. Jan. 9, 2023).  Despite the argument raised in petitioner's response to the Motion to Dismiss, his ineligibility is not based on

---

[3] The Court notes that there is no such requirement for placement in prerelase custody under § 3624(g)(1)((D)(i)(II).  However, petitioner does not allege he has petitioned the warden for transfer and this subsection is not in dispute.

BOP's interpretation of the First Step Act but on the eligibility requirements of the statute itself contained in § 3624(g)(1).

**B.    To the extent petitioner challenges the BOP's determination of his eligibility to apply credits towards prerelease custody or supervised release, such determination is not reviewable.**

Finally, insofar as petitioner is challenging the BOP's determination of his eligibility to apply time credits under 18 U.S.C. § 3624(g)(1), the undersigned agrees with respondent that such determination is not reviewable by this Court. As respondent points out, 18 U.S.C. § 3625 states "Inapplicability of the Administrative Procedure Act – The provisions of sections 554 and 555 through 701 and 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." As respondent points out, this Court has already previously determined that such determinations under § 3624 are not reviewable. **Nevel v. Brown**, No. 5:23-CV-285, 2023 WL 8505881, at *6 (N.D. W.Va. Oct. 27, 2023) (Mazzone, M.J.), *report and recommendation adopted*, No. 5:23-CV-285, 2023 WL 7490046 (N.D. W.Va. Nov. 13, 2023) (Bailey, J.); see also **Welch v. Heckard**, No. 5:23-CV-00347, 2023 WL 6885005, at *4 (S.D. W.Va. Sept. 19, 2023) (Eifert, M.J.), *report and recommendation adopted* 2023 WL 6882684 (S.D. W.Va. Oct. 18, 2023) (Volk, J.) (collecting cases); **Morales v. Brewer**, No. 2:22-CV-2207 AC P, 2023 WL 3626315, at *2 (E.D. Cal. May 24, 2023), *report and recommendation adopted*, No. 222CV02207DADACHC, 2023 WL 4535042 (E.D. Cal. July 13, 2023) ("The discretionary decision whether to release a prisoner into prerelease custody or supervised release under § 3624(g) is therefore not reviewable by this court.").

Because petitioner is not eligible to apply time credits earned under the First Step Act, the undersigned finds that his petition should be dismissed.

9

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss, or in the Alternative, for Summary Judgment [**Doc. 9**] be **GRANTED** and the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  September 11, 2024.

                                             /s/ James P. Mazzone
                                             JAMES P. MAZZONE
                                             UNITED STATES MAGISTRATE JUDGE