IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JERRY CHARLES SMITH**,

        Petitioner,

v.                                **CIVIL ACTION NO. 5:24-CV-131**
                                                  Judge Bailey

**H.L. RAY,**

        Respondent.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 14]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on September 11, 2024, wherein he recommends that the Motion to Dismiss, or in the Alternative, for Summary Judgment [Doc. 9] be granted and that the Petition [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[1]This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 14 at 2–3].

1

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections to the R&R on September 25, 2024. *See* [Doc. 16]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In his objections, petitioner objects to both of Magistrate Judge Mazzone's holdings. First, petitioner argues that the First Step Act "does not state what § 3624(g) states, nor does it gives [sic] the BOP or the Attorney General directives to create a [sic] 'applicability' guideline or criteria for the FSA." [Doc. 16 at 1–2]. It appears petitioner is arguing that the First Step Act does not determine or create an "applicability" requirement outside of the eligibility requirement of the FSA. [Id. at 2 ("Petitioner does not agree for reasons stated previously that the FSA of 2018 . . . does not say anything about 'applicability.'")].

This Court disagrees with petitioner. The FSA may not specifically use the word "applicability," but the statute at issue uses the word "applies" and sets forth criteria for eligibility:

> **(1) Eligible prisoners.**--This subsection *applies* in the case of a prisoner (as such term is defined in section 3635) who--
>
> **(A)** has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment;
>
> **(B)** has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;
>
> **(C)** has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and

> **(D)(i)** in the case of a prisoner being placed in prerelease custody, the prisoner—
>
>> **(I)** has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or
>>
>> **(II)** has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that—
>>
>>> **(aa)** the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;
>>>
>>> **(bb)** the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and
>>>
>>> **(cc)** the prisoner is unlikely to recidivate; or
>
> **(ii)** in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

18 U.S.C. § 3624(g)(1) (emphasis added). Thus, a prisoner may be eligible under 18 U.S.C. § 3632(d) to earn and receive time credits but not be eligible to have those credits applied under 18 U.S.C. § 3624(g).

Here, petitioner's claim that the law does not determine or create an "applicability" requirement is incorrect. It appears petitioner is under the impression that § 3624 is not part of the FSA, and that Magistrate Judge Mazzone relied on different law that is not part of the FSA. That is not the case. In the URL provided by petitioner, a URL petitioner calls "The First Step Act of 2018," § 3624(g) is stated in full at page 18. *See* First Step Act of 2018, Public Law 115–391—DEC. 21, 2018, at page 18 https://www.congress.gov/115/plaws/publ391/PLAW-115publ391.pdf (last visited Sept. 25, 2024). Petitioner is correct that § 3624(g) does not have the specific word "applicability" within the section. However, petitioner is concerned with whether the earned credits can be used and/or applied toward earlier release to supervised release or to be applied to placement in prerelease custody. As noted above, § 3624(g), which is part of the FSA, clearly sets forth criteria for eligibility for the BOP to ***apply*** when determining whether credits may be ***applied*** toward earlier release to supervised release or to be applied to placement in prerelease custody. Thus, this objection is **OVERRULED**.

Petitioner next argues that under the Administrative Procedure Act, courts have subject matter jurisdiction. [Doc. 16 at 3]. And, under § 1331, courts have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States. [Id. at 3–4].

This Court disagrees with petitioner. As noted by respondent and Magistrate Judge Mazzone, 18 U.S.C. § 3625 states "Inapplicability of the Administrative Procedure Act – The provisions of sections 554 and 555 through 701 and 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."

5

Respondent argues that "Congress's intentional placement of the eligibility determination aspect of the [First Step Act] in § 3624, where it is not reviewable under the [Administrative Procedure Act], speaks to the intent of Congress for the BOP to exercise discretion in making such determinations." [Doc. 10 at 12]. This Court agrees with respondent and Magistrate Judge Mazzone.

As noted by Magistrate Judge Mazzone, this Court and others has already previously determined that such determinations under § 3624 are not reviewable. ***Nevel v. Brown***, 2023 WL 8505881, at *6 (N.D. W.Va. Oct. 27, 2023) (Mazzone, M.J.), *report and recommendation adopted*, 2023 WL 7490046 (N.D. W.Va. Nov. 13, 2023) (Bailey, J.); *see also* ***Welch v. Heckard***, 2023 WL 6885005, at *4 (S.D. W.Va. Sept. 19, 2023) (Eifert, M.J.), *report and recommendation adopted*, 2023 WL 6882684 (S.D. W.Va. Oct. 18, 2023) (Volk, J.) (collecting cases); ***Morales v. Brewer***, 2023 WL 3626315, at *2 (E.D. Cal. May 24, 2023), *report and recommendation adopted*, 2023 WL 4535042 (E.D. Cal. July 13, 2023) ("The discretionary decision whether to release a prisoner into prerelease custody or supervised release under § 3624(g) is therefore not reviewable by this court."); ***Kowalewski v. Warden, FCI Fort Dix***, 2024 WL 3964289, at *9 (D. N.J. Aug. 27, 2024) (citing ***Nevel*** in holding that judicial review for BOP determinations involving release of prisoners under § 3624 is precluded under the APA). Thus, this objection is **OVERRULED**.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation **[Doc. 14]**

6

is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's objections [**Doc. 16**] are **OVERRULED**. Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [**Doc. 9**] is **GRANTED** and the Petition [**Doc. 1**] is **DENIED and DISMISSED WITH PREJUDICE**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED**: September 26, 2024.

---
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE